DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EDGAR J. DIETRICH,

Plaintiff, Case No. 2:16-cv-13566

v. Hon.

JPMORGAN CHASE BANK, N. A.,

Defendant.

---

Edgar J. Dietrich
In pro per
15832 Windmill Pointe
Grosse Pointe Park, MI 48230

Joseph H. Hickey (P41664)
Laura C. Baucus (P56932)
David M. Dell (P61778)
Counsel for Defendant JPMorgan Chase Bank, N.A.
DYKEMA GOSSETT PLLC
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI 48304
Telephone: (248) 203-0700
jhickey@dykema.com
lbaucus@dykema.com
ddell@dykema.com

---

## NOTICE OF REMOVAL

Defendant, JPMorgan Chase Bank, N.A. (“Chase” or “Defendant”), by its counsel Dykema Gossett, PLLC, removes this action from the Wayne County Circuit Court to the United States District Court for the Eastern District of

Michigan. In support of the Notice of Removal, Defendant states as follows:

**PROCEDURAL BACKGROUND AND GROUNDS FOR REMOVAL**

1. On or about September 27, 2016, Plaintiff Edgar J. Dietrich ("Plaintiff") commenced this action in the Wayne County Circuit Court.

2. On or about September 29, 2016, Chase received copies of Plaintiff's Complaint, Ex Parte Temporary Restraining Order and Brief ("Pleadings"). Copies of the Pleadings which constitute all process and pleadings sent to Chase are attached as **Ex. 1**.

3. The allegations in the Complaint relate to an Adversary Proceeding in the U.S. Bankruptcy Court for the Eastern District of Michigan, Case No. 15-04807-mbm. On July 5, 2016, Chase's settlement of the Adversary Proceeding was approved by Court Order. **Ex. 2**, Order Approving Settlement.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of the first date upon which Chase received notice of the pleadings setting forth the claim for relief upon which this removal is based.

5. This Court is in the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a). The Wayne County Circuit Court is located in the Eastern District of Michigan.

## DIVERSITY JURISDICTION

6. This case is a civil action of which this Court also has original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys' fees, and this action is between citizens of different states, as demonstrated more fully below:

   a. **Plaintiff Is A Citizen Of Michigan:** For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). On information and belief, Plaintiff is a resident of Wayne County, Michigan. *See* Complaint, generally. Plaintiff does not allege that he has any intention to leave Michigan. Therefore, for diversity purposes, Plaintiff is domiciled in and is a citizen of the State of Michigan.

   b. **Chase Is A Citizen Of Ohio:** Chase is a national banking association. For diversity purposes, national banking associations are deemed citizens of the states designated in their articles of association

as their main office. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006) (citing 28 U.S.C. § 1348). According to its articles of association, Chase's main office is designated as the office in Columbus, Ohio. Therefore, for diversity purposes, Chase is a citizen of Ohio and is not a citizen of Michigan.

Thus, complete diversity exists because Plaintiff is a citizen of Michigan and Chase is a citizen of Ohio.

7. Pursuant to L.R. 81.1(a) and (b) and 28 U.S.C. § 1332(a), Chase is informed and believes that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorney fees. In support of this allegation, Chase submits the following facts and reasons:

   a. On March 28, 2003, Plaintiffs accepted a $161,250.00 loan (the "Loan"). Plaintiffs' obligation to repay the Loan is evidenced by a note ("Note"), which is secured by a mortgage ("Mortgage") on real property located at 15830 Wind Mill Pointe, Grosse Pointe Park, Michigan (the "Property"). **Ex. 3**, Mortgage.

   b. The Mortgage was assigned to Chase via an Assignment of Mortgage. **Ex. 4**, Assignment.

4

c. In the Complaint, Plaintiff seeks money damages as well as an order preventing Chase from exercising its rights under the Mortgage to foreclose on the Property.

d. When a plaintiff seeks specific performance, declaratory relief, or injunctive relief, the amount in controversy is measured by "the value of the object that is the subject matter of the action." *Lorimer ex rel. Estate of Lorimer v. Berrelez*, 331 F. Supp. 2d 585, 591 (E.D. Mich. 2004) (citations omitted); *see also Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)) (holding "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Nordica S.P.A. v. Icon Health & Fitness, Inc.*, 2009 WL 2462570, *6, fn. 4 (D.N.H. 2009) (citing *Lee Sch. Lofts, L.L.C. v. Amtax Holdings*, 106 L.L.C., 2008 WL 4936479, at *3 (E.D.Va. Oct. 29, 2008)) (observing "[w]hen specific performance is the desired remedy, the amount in controversy requirement is satisfied if 'either the "direct pecuniary value" of the right the plaintiff seeks to enforce ... or the cost to the defendant of complying with any prospective equitable relief exceeds $75,000.'"); *Neely v. Consol Inc.*, 25 Fed. Appx. 394,

    400 (6th Cir. 2002) (holding amount in controversy was equal to amount of lease).

e. Here, Plaintiff filed a Complaint seeking an injunction preventing Chase from foreclosing its Mortgage on the Property; therefore, the subject matter of the litigation is the Mortgage and the Property. As the Mortgage secures a loan in the original amount of $161,250.00 and an unpaid balance of $141,299.14, the amount in controversy here exceeds $75,000.00, exclusive of interest, costs, and attorney fees.

f. Additionally, the Property is also valued at $181,400.00. *See,* City of Grosse Pointe Park, Tax Information, **Ex 5**.[1]

g. Thus, although the Complaint does not plead a specific amount in controversy, and although Chase denies the allegations in Plaintiff's Complaint and denies liability to Plaintiff whatsoever, if those allegations are proven to be true, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney's fees.

---

[1] According to the city's tax assessor, the state equalized value of the Property is $90,700.00 which is generally half of the value. *See Van Brouck & Assocs., Inc. v. Darmik, Inc.*, 329 F. Supp. 2d 924, 930 (E.D. Mich. 2004) ("find[ing] by a preponderance of the evidence that the fair market value" of the property is twice the SEV).

8. A Notice Regarding Removal of Action to Federal Court and a copy of this Notice of Removal will be filed with the Wayne County Circuit Court as required by 28 U.S.C. § 1446(d) and copies of the same will be served upon Plaintiff.

9. Based upon the foregoing, Chase is entitled to remove this action to this Court under 28 U.S.C. § 1332, *et seq.*

10. In filing this Notice of Removal, Chase does not waive any defenses that may be available.

WHEREFORE, Chase requests this court take jurisdiction over this matter and grant such other relief as the Court deems proper.

> Respectfully submitted,
>
> DYKEMA GOSSETT PLLC
>
> By: /s/ David M. Dell
> Joseph H. Hickey (P41664)
> Laura C. Baucus (P56932)
> David M. Dell (P61778)
> Attorneys for JPMorgan Chase Bank, N.A.
> Dykema Gossett PLLC
> 39577 Woodward Avenue, Suite 300
> Bloomfield Hills, MI 48304
> Telephone: (248) 203-0700
> jhickey@dykema.com
> lbaucus@dykema.com
> ddell@dykema.com

Dated: October 5, 2016

## **PROOF OF SERVICE**

I certify under penalty of perjury that, on October 5, 2016, a copy of the foregoing Notice of Removal and this Proof of Service were served on the other counsel of record at his or her address on the record in the manner described in Fed. R. Civ. P. 5(b)(2)(C) by "mailing it to the person's last known address."

/s/Larry A. Reeve

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304