UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDGAR J. DIETRICH,

    Plaintiff,

    v.

JPMORGAN CHASE BANK, N. A.,

    Defendant.
    _____/

Case No. 16-cv-13566-

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR REMAND [9], DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER [10], AND GRANTING DEFENDANT'S MOTION TO DISMISS [13]**

**I. INTRODUCTION**

Plaintiff, Edgar Julian Dietrich, commenced this foreclosure case in Wayne County Circuit Court on or about September 27, 2016. Dkt. No. 1-2, p. 3 (Pg. ID No. 12). The case was properly removed to this Court on October 5, 2016 based on diversity jurisdiction. Dkt. No. 1, p. 3 (Pg. ID No. 3). Plaintiff is a citizen of Michigan and Defendant Chase Bank is a citizen of Ohio, and thus complete diversity exists. *Id*. at 3–4. Additionally, the value of the object that is the subject matter of the action, which seeks injunctive relief, is valued in excess of $75,000.00. *Id*. at 5–6.

The Court ordered Plaintiff to show cause by December 22, 2016 why this new case is not frivolous, duplicative, or harassing, because the Court enjoined Plaintiff from filing new cases without permission in July 2016. Dkt. No. 14; *Dietrich v. Patti*, No. CV 16-11469, 2016 WL 3682957, at *4–5 (E.D. Mich. July 12, 2016). Plaintiff's answer was not received by the Court until December 28, 2016, with a postmark of December 21, 2016. Dkt. No. 15. Plaintiff submitted what appears to be an identical copy of his prior response to the order to show cause on January 4, 2017. Dkt. No. 16.

Presently before the Court are three motions, two of which were filed by Plaintiff and one filed by Defendant. Plaintiff has failed to timely respond to the Motion to Dismiss filed by Defendant on December 7, 2016. Dkt. No. 13. Upon review of the pleadings, the Court finds that oral argument will not aid in the disposition of this matter. Accordingly, the Court will decide the matter on the submitted brief. *See* E.D. Mich. L.R. 7.1(f)(2).

For the reasons stated below, the Court will **DENY** Plaintiff's Motion to Return the Case to the District Court or in the Alternative to Issue a Preliminary Injunction to Preserve the Status Quo [9], interpreted as a motion for remand; **DENY** Plaintiff's Motion for a Temporary Restraining Order [10]; and **GRANT** Defendant's Motion to Dismiss [13].

## II. FACTUAL BACKGROUND

On March 28, 2003, Edgar Jason Dietrich, Plaintiff's son, (hereinafter "Jason," to distinguish him from Plaintiff) purchased the real property located at 15830 Wind Mill Pointe, Grosse Pointe Park, Michigan (the "Property") with a $161,250.00 loan (the "Loan") from Washington Mutual Bank, FA. Dkt. No. 13-2, p. 2 (Pg. ID No. 374). Jason's obligation to repay the Loan was evidenced by a note ("Note"), which was secured by a mortgage ("Mortgage") on the Property. Dkt. No. 13-3, pp. 2–26 (Pg. ID No. 377–401). Jason is listed as the sole owner on the deed. *See* Dkt. No. 13-2, Dkt. No. 13-4. Washington Mutual Bank assigned the Mortgage to Defendant Chase Bank on July 11, 2016. Dkt. No. 13-5.

The terms of the Loan were defaulted upon connection with an Adversary Proceeding in the U.S. Bankruptcy Court of the Eastern District of Michigan, Case No. 15-04807-mbm. Defendant Chase Bank began foreclosure by advertisement proceedings (the "Foreclosure"), which has since been placed on hold. Dkt. No. 13, p. 11 (Pg. ID No. 359).

## III. LAW & ANALYSIS

**1. Motion to Dismiss**

Plaintiff's Complaint seeks an Order enjoining the foreclosure and monetary relief, and the following contains eight (8) counts: (1) Wrongful Foreclosure; (2) Fraud; (3) Negligence; (4) Breach of Contract; (5) Breach of Fiduciary Duty;

(6) Breach of the Implied Covenant of Good Faith and Fair Duty; (7) Unjust Enrichment; and (8) Slander of Title. *See* Dkt. No. 1-2.

Defendants bring this motion pursuant to both Federal Rule of Civil Procedure 12(b)(1)—for lack of subject matter jurisdiction—and Federal Rule of Civil Procedure 12(b)(6)—for failure to state a claim. Dkt. No. 13.

### A.   Legal Standards

To survive a Federal Rule of Civil Procedure 12(b)(1) motion, a plaintiff has the burden of proving jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A factual attack . . . is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Id*. In a factual attack, no presumptive truthfulness applies to the plaintiff's factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Id*. In such a challenge, the court may look to evidence outside the pleadings. *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003).

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be

granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.' " *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*.

      **B.**    **Plaintiff Does Lacks Standing to Contest a Foreclosure of His Son's Property**

As an initial matter, the Court must determine whether Plaintiff has standing to challenge the foreclosure at issue here. "When jurisdiction is premised on diversity of citizenship, a plaintiff must have standing under both Article III and state law in order to maintain a cause of action." *Morell v. Star Taxi*, 343 F. App'x 54, 57 (6th Cir. 2009). Under Article III, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

    Plaintiff fails to meet the requirements of Article III standing here. Plaintiff alleges that the Property at issue "is a condo of which [his] primary residence has a common entrance and grounds," and that it is owned by his sons. Dkt. No. 15, p. 5

(Pg. ID No. 427). Plaintiff argues that he is a tenant of the Property, *id.*, but simultaneously argues that he does not reside at the Property. Dkt. No. 10, p. 9 (Pg. ID No. 119) ("Plaintiff has lived at 15832 Windmill Pointe, Grosse Pointe Park, Michigan since September 2000 which is contiguous to 15830 Windmill Pointe. These are two separate side by side units under one roof."). Plaintiff does not dispute that he is not an owner of the Property and that he is not a party to the Mortgage. Dkt. No. 10, p. 9 (Pg. ID No. 119).

In contrast to owners, however, mere occupants or tenants of a property lack standing to challenge a foreclosure. *Hurst v. Fed. Nat. Mortg. Ass'n*, No. 14-CV-10942, 2015 WL 300275, at *3 (E.D. Mich. Jan. 22, 2015), *aff'd*, 642 F. App'x 533 (6th Cir. 2016), *and aff'd*, 642 F. App'x 533 (6th Cir. 2016). Plaintiff's argument for standing is further weakened by his own admission that he does not actually reside in the Property at issue, but rather the property adjacent to it.

Plaintiff does not argue that he has power of attorney over his son and is suing in his name. Plaintiff argues that be made payments on the Property and maintained it. However, based on the pleadings submitted, Plaintiff's son Jason is the only person obligated to pay the debt secured by the Mortgage. Although Plaintiff argues that "his primary residency [will be] damaged and lessened in value" by the foreclosure, Dkt. No. 15, p. 6 (Pg. ID No. 428), Plaintiff has not cited to any case law for this principle. The Court is unaware of any precedent granting

an individual standing to challenge the foreclosure of his neighbor's adjacent property, where the litigant is not the real party-in-interest.

Should the Property owner, Plaintiff's son Jason, wish to bring a case contesting Defendant's foreclosure of the property, Jason may do so by hiring legal counsel or proceeding *pro se* on his own behalf. *See* 28 U.S.C. § 1654; FED. R. CIV. P. 11(a). Plaintiff, who is no longer licensed to practice law, may not proceed on Jason's behalf. *See Jackson ex rel JJ v. Caldwell*, No. 09-10041, 2009 WL 4042917, at *2 (E.D. Mich. Nov. 19, 2009) ("Where a person attempts to proceed *pro se* on behalf of another, the appropriate remedy is dismissal for failure to prosecute.").

Plaintiff's case based on the foreclosure of his son's property must be dismissed for lack of standing.

**1. Motion to Remand and Motion for a Temporary Restraining Order**

As the Court noted above, the case is properly before this Court on the basis of diversity jurisdiction. There is complete diversity of citizenship between Plaintiff and Defendant, and Plaintiff sought an injunction against the sale of property valued in excess of $75,000.00 at the time of removal. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871–72 (6th Cir. 2000) (finding that the determination of federal jurisdiction in a diversity case is made as of the time of removal, regardless of if a plaintiff later stipulates that the amount in controversy is

below $75,000). Accordingly, Plaintiff's motion to remand the proceeding back to Wayne County Circuit Court is denied.

Furthermore, to the extent that Plaintiff lacks standing and may not bring claims on his son's behalf, he likewise cannot seek a preliminary injunction based on those claims. *See King v. IB Prop. Holdings Acquisition*, 635 F. Supp. 2d 651, 659 (E.D. Mich. 2009). Thus, Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction is also denied.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Remand and **DENIES** Plaintiff's Motion for a Temporary Restraining Order [10].

The Court **GRANTS** Defendant's Motion to Dismiss [13]. This cause of action is dismissed.

IT IS SO ORDERED.

Dated: January 5, 2017

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge